UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION (SPRINGFIELD)

| | |
|---|---|
| GREAT OUTDOORS GROUP, LLC and BPS DIRECT LLC,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CONTINENTAL CASUALTY COMPANY,<br><br>　　　　　　　　　　　Defendant. | Case No. 6:25-cv-3275<br><br>State Court No. 2531-CC01011 |

## NOTICE OF REMOVAL TO FEDERAL COURT

NOW COMES Defendant Continental Casualty Company ("Continental"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action to the United States District Court for the Western District of Missouri, Southern Division (Springfield), and in support thereof, states as follows:

**I.　　BACKGROUND**

1.　　This Notice of Removal is based upon subject matter jurisdiction conferred by diversity of citizenship under 28 U.S.C. § 1332.

2.　　Continental is an insurance company incorporated in the State of Illinois with its principal place of business at 151 N. Franklin Street, Chicago, Illinois 60606. Thus, Continental is a citizen of Illinois.

3.　　Plaintiffs, Great Outdoors Group, LLC and BPS Direct LLC, allege that they are Delaware limited liability companies with their principal places of business in Springfield, Missouri. *See* Plaintiffs' Complaint ("Complaint"), attached hereto as Exhibit 1, Petition at ¶¶ 1, 4. As set forth in greater detail below (*see infra* ¶¶ 14–15), both Plaintiffs are Missouri citizens.

## II. THE STATE COURT ACTION

4. On or about August 15, 2025, Plaintiffs filed their Complaint in the Circuit Court of Greene County, Missouri bearing case number 2531-CC01011 (the "State Court Action"). *See generally*, *id.* Plaintiffs allege that Continental failed to indemnify Plaintiffs for defense costs incurred in connection with, and the settlement reached in, the lawsuit, *Nora Ruiz, individually and on behalf of all others similarly situated, v. Bass Pro Group LLC and BPS Direct LLC, d/b/a Bass Pro Shops*, Case No. 6:24-cv-03122-MDH (W.D. Mo.) (the "*Ruiz* Action"). *Id.*

5. The Complaint relates to a claim for defense and indemnity insurance coverage under a fiduciary liability insurance policy (the "Policy") issued by Continental to Plaintiffs. *See generally*, Exhibit 1, Petition. In their Complaint, Plaintiffs seek amounts allegedly due to them under the Policy, along with remedies for Continental's allegedly "bad faith settlement practices" in purported violation of RSMo. § 375.420.

6. Plaintiffs' Complaint seeks monetary damages of at least $3,705,048, plus pre-judgment interest, post-judgment interest, attorneys' fees and costs, and statutory damages pursuant to RSMo. § 375.420. *Id.* at ¶¶ 79, 94. Plaintiffs' alleged damages therefore satisfy the amount in controversy required by federal statute.

7. Continental was served on August 26, 2025. *See* Exhibit 1, Affidavit of Service. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

## III. VENUE IS PROPER IN THIS DISTRICT AND DIVISION

8. Venue is proper in the United States District Court for the Western District of Missouri, Springfield Division (Southern Division), pursuant to 28 U.S.C. §1441(a), because the state court action was filed in Greene County, Missouri, which lies within the Springfield Division of this district. *See* U.S. District Court for the Western District of Missouri, *Divisional Map and County Codes*, available at https://www.mow.uscourts.gov/divisional-map-and-county-codes

## IV. FEDERAL DIVERSITY JURISDICTION EXISTS

9. Section 1332(a)(1) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states." 28 U.S.C. § 1332(a)(1).

10. Section 1441 provides in relevant part that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant… to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

11. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and Continental may remove the State Court Action to this Court pursuant to 28 U.S.C. § 1441 because (i) this is a civil action between citizens of different states; and (ii) the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

### A. Diversity of Citizenship Exists Between the Parties

12. Diversity of citizenship exists because the parties are citizens of different states.

13. Plaintiffs allege they are limited liability companies organized under Delaware law with their principal places of business in Springfield, Missouri. *See* Exhibit 1, Petition at ¶¶ 1, 4. As limited liability companies, their citizenship for purposes of diversity jurisdiction is determined by the citizenship of their members. *See*, *e.g.*, *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members.").

14. As reflected in the Plaintiffs' disclosure statement in the *Ruiz* Action, attached as Exhibit 2, the sole member of Plaintiff Great Outdoors Group, LLC is Great American Outdoors

Group, LLC. Pursuant to the disclosure statement filed by Great American Outdoors Group, LLC on November 14, 2024, in *Alicia Odell v. Bass Pro Outdoor World, LLC, et al.*, C.A. No. 4:24-cv-01121 (N.D. Tex.), attached as Exhibit 3, Great Outdoors Group, LLC is a citizen of Missouri. Accordingly, Plaintiff Great Outdoors Group, LLC likewise is a citizen of Missouri.

15. According to Plaintiffs' disclosure statement in the *Ruiz* Action, the sole member of Plaintiff BPS Direct LLC is Bass Pro, LLC. *See* Exhibit 2. As reflected in Exhibit 3, BPS Direct LLC is ultimately owned by Great American Outdoors Group, LLC, which as noted above is a citizen of Missouri. Therefore, BPS Direct LLC is also a citizen of Missouri.

16. Continental is an insurance company incorporated in the State of Illinois with its principal place of business in Chicago, Illinois, and is therefore a citizen of the State of Illinois.

17. Accordingly, where Plaintiffs are citizens of Missouri, and Continental is a citizen of Illinois, complete diversity of citizenship exists between the parties, and the Complaint is removable under 28 U.S.C. §§ 1332(a)(1), 1441, 1446.

**B.     The Jurisdictional Amount in Controversy is Satisfied**

18. The amount in controversy exceeds $75,000, exclusive of interest and costs, thereby satisfying the jurisdictional threshold set forth in 28 U.S.C. § 1332(a).

19. The Complaint alleges two counts, including a count for breach of contract. See Exhibit 1, Petition at ¶¶ 72-94. Specifically, Plaintiffs allege that they "have been damaged in an amount of at least $3,705,048 (comprised of the settlement and defense costs less the retention), pre-judgment interest for such sum, and attorneys' fees and costs to obtain coverage benefits." *Id.* at ¶ 79. Based on these alleged damages alone, the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. Beyond that, the Complaint alleges a count for bad faith/vexatious refusal to pay pursuant to RSMo. § 375.420. *Id.* at ¶¶ 80-94. Specifically, Plaintiffs allege that Continental

refused to honor its coverage obligations in connection with the defense and settlement of the *Ruiz* Action. *See*, *e.g.*, *id.*, ¶¶ 30, 66, 80-94. Due to this alleged breach, Plaintiffs claim that they are entitled to "a penalty of twenty (20) percent of the first one thousand five hundred (1,500) dollars due and owing Plaintiffs under the Policy and then (10) percent of the remaining amount due under the Policy, plus Plaintiffs' reasonable attorneys' fees and expenses in pursuing satisfaction of [Continental's] obligations, including those incurred in this lawsuit." *Id.* at ¶ 94.

21. The potential damage award under the bad faith statute may be considered in calculating the amount in controversy. *See*, *e.g.*, *Am. Union Ins. Co. of N.Y. v. Lowman Wine & Bottling Co.*, 92 F. Supp. 881, 883 (W.D. Mo. 1950) ("[I]t has been ruled that damages and attorneys' fees are penalties to be added to the face of the policy in determining jurisdiction."); *Catalogue Direct Sales, Inc. v. U.S. Fire Ins. Co.*, 163 F. Supp. 308, 309 (E.D. Mo. 1958) ("… the prayer to invoke a statutory penalty and attorney's fee for vexatious refusal to pay an insurance claim, puts that issue in controversy and adds such amounts as can be statutorily and reasonably calculated to the sum in controversy, for the purpose of determining jurisdiction.").

22. Accordingly, the Complaint is removable pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446.

### V. NOTICE OF REMOVAL AND ATTACHMENTS THERETO

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been provided contemporaneously to Plaintiffs, through their attorney of record, and a true and correct copy of the Notice of Removal has been filed with the Circuit Court of Greene County, Missouri.

24. Pursuant to 28 U.S.C. § 1446(a), a true and original copy of Plaintiffs' Complaint and Affidavit of Service are attached as Exhibit 1. No other process, pleadings, or orders have been served upon Continental in the State Court Action.

## VI. CONCLUSION

25. By removing this action, Continental does not waive any defenses or objections available to it. If any question arises as to the propriety of the removal of this action, Continental respectfully requests the opportunity to present oral argument in support of its position that this case is properly before this Court.

WHEREFORE, Defendant CONTINENTAL CASUALTY COMPANY prays that this Honorable Court retain jurisdiction of the matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated: September 25, 2025

Respectfully submitted,

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Katrina L. Smeltzer*
Katrina L. Smeltzer, MO #60797
Jared M. Cluck, MO #70916
4600 Madison Avenue, Suite 1000
Kansas City, MO 64112
816-627-5332
816-627-5532 (Fax)
ksmeltzer@sandbergphoenix.com
jcluck@sandbergphoenix.com

WERNER AHARI MANGEL LLP

Gaby Richeimer (*pro hac vice* forthcoming)
Stacey E. Rufe (*pro hac vice* forthcoming)
Oliver M. Sherman (*pro hac vice* forthcoming)
2112 Pennsylvania Ave. NW, Suite 200
Washington, DC 20037
Telephone: (202) 599-1030
Email: gricheimer@wam.law
Email: srufe@wam.law
Email: osherman@wam.law

*Attorneys for Defendant,*
*Continental Casualty Company*

## **CERTIFICATE OF SERVICE**

      I, Katrina L. Smeltzer, hereby certify that on this 25th day of September, 2025, a copy of the foregoing was served upon the below-listed counsel via U.S. Mail First Class and e-mail:

THOMPSON COBURN LLP
William R. Bay, #26977
Matthew S. Darrough, #46307
Christopher L. Clark, #72747
One U.S. Bank Plaza, Suite 2700
St. Louis, MO 63101
wbay@thompsoncoburn.com
mdarrough@thompsoncoburn.com
cclark@thompsoncoburn.com

*Attorneys for Plaintiffs,*
*Great Outdoors Group, LLC and BPS Direct LLC*

                                                */s/ Katrina L. Smeltzer*